Lekettey v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand sixteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, Jr.,
*Circuit Judges.*

_____

KAYLA LEKETTEY,

*Plaintiff-Appellant,*

v.                                                     No. 15-1169-cv

CITY OF NEW YORK et al.,

*Defendants-Appellees.*

_____

FOR APPELLANTS:         LOCKSLEY O. WADE, Law Office of Locksley O. Wade, LLC, New York, NY.

FOR APPELLEES:          EMMA GRUNBERG (Scott Shorr, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, J.). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Kayla Lekettey ("Lekettey") appeals the district court's dismissal of her complaint for failure to state a claim and for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). Lekettey alleges that the City of New York, New York City Department of Parks and Recreation, Ricardo Granderson, Linda Agnello, and Jonna Carmona-Graf ("defendants") discriminated against her on the basis of sex and in retaliation for complaining of sex discrimination, in violation of Title VII, 42 U.S.C. §§ 2000e-2, e-3. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint pursuant to Rules 12(b)(6) and 12(c), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); see LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v.

2

Iqbal, 556 U.S. 662, 678 (2009).  Pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth."  Id. at 678-79.

"[T]o defeat a motion to dismiss or a motion for judgment on the pleadings in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision."  Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).  The complaint need only allege facts that "give plausible support to a minimal inference of discriminatory motivation."  Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).

Plaintiff's theory of discrimination in this case is not clear.  In her complaint, she alleged quid pro quo sexual harassment; however, in her opposition to defendants' motion to dismiss, she invoked a "hostile work environment" theory of sexual harassment.  Either theory, if adequately pleaded, can support a claim for sex discrimination under Title VII.  Assuming both theories are properly before us, we conclude that plaintiff's complaint does not allege sufficient facts to sustain her claim under either theory.

A quid pro quo Title VII sex discrimination claim requires that "the plaintiff-employee [] establish that she was denied an economic benefit either because of gender or because a sexual advance was made by a supervisor and rejected by her."  Kotcher v. Rosa & Sullivan Appliance Ctr., Inc., 957 F.2d 59, 62 (2d Cir. 1992).  Plaintiff does not assert that Svetlana Filipovich, who allegedly "unlawfully fondled Plaintiff in a manner that [was] explicitly and emphatically rejected by Plaintiff," was her supervisor,

3

only that she had a "position and title superior to Plaintiff." JA 10 ¶ 13. Nor does she allege any non-conclusory facts from which we could draw an inference of any connection between plaintiff's rejection of Filipovich's alleged sexual advance and her termination over a year later. Therefore, we agree with the district court that plaintiff failed adequately to allege quid pro quo sex discrimination.

A hostile work environment claim requires a plaintiff to show that (1) "the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and (2) "a specific basis exists for imputing the conduct that created the hostile environment to the employer." Howley v. Town of Stratford, 217 F.3d 141, 153-54 (2d Cir. 2000) (internal quotation marks omitted). Plaintiff's allegation that she was "fondled" is particularly serious because it involved a sexually explicit physical touching. However, even assuming that this incident combined with vague allegations of continued harassment by Filipovich were sufficient to allege that a hostile work environment existed, plaintiff failed to plead facts from which we can draw an inference that Filipovich's offensive conduct can be imputed to her employer.

If Filipovich were plaintiff's supervisor, defendants may be held strictly liable for her actions, but if Filipovich was not a supervisor then defendants are liable only if they were negligent in controlling working conditions. Vance v. Ball State Univ., 133 S. Ct. 2434, 2439 (2013). As we noted above, plaintiff does not allege Filipovich was her supervisor, and there are no facts from which we could find that Filipovich was

4

"empowered by the employer to take tangible employment actions against" her. Id. Therefore, we can impute liability to the defendants only if they were "negligent in controlling working conditions." Id. Plaintiff's complaint alleges no facts from which it can be plausibly inferred that defendants were negligent or unresponsive to her complaints about the workplace. To the contrary, the complaint includes the fact that the Parks Department's Equal Employment Office investigated plaintiff's complaint about Filipovich and found that probable cause existed to support plaintiff's complaint and that defendants transferred plaintiff's workstation at her request to be moved further away from Filipovich. Thus, plaintiff has not adequately pleaded a hostile work environment claim.

Plaintiff also asserts that she was terminated in retaliation for complaining about unlawful workplace discrimination. Plaintiff's complaint acknowledges that she was informed "of the termination of her employment because her *provisional* position as an Assistant Landscape Architect would end." JA 11 ¶ 22 (emphasis added). Although plaintiff makes the conclusory assertion that this explanation for her termination was "pretext," JA 12 ¶ 23, she simply makes no allegations that would provide a plausible basis for even a minimal inference that this explanation was pretextual, or that her termination was animated by a discriminatory or retaliatory motive. See Littlejohn, 795 F.3d at 311.

5

We have considered the plaintiff's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court